Joseph Alphonso
vs.  No. 82799.
John Curran, alias.

June 22, 1931.

POULIOT, J. This case is before the Court on defendant's motion for a new trial on the usual grounds after a jury had returned a verdict for the plaintiff in the sum of $2,250.

On October 22, 1929, about 5:30 in the afternoon, the plaintiff was operating a Ford automobile on Warwick avenue in Lakewood, going towards Providence, in which automobile were other men employed with him in laying a pipe job in the town of Warwick. The defendant was operating his car in a southerly direction on the same highway and the two cars came together.

The plaintiff's evidence showed that he was operating his vehicle on the right hand side of the road considerably to the right of the white line which divided the roadway into two sections. All the witnesses for the plaintiff who saw the accident testified to this fact and the defendant and his witness Clegg, although they testified that the defendant's automobile kept to its right of the line, also tell us that when they saw the plaintiff's automobile it was well over to its right of the white line.

No satisfactory explanation of how the accident occurred is given in any testimony produced by the defendant, but a Mr. Flagg, who was produced by the plaintiff and who was driving behind the defendant, told the Court and jury that the defendant had passed him, then drew in to the right of the white line, then drew out again to pass

another car, and as he drew out the left front portion of the defendant's car collided with the left front end of the plaintiff's car, and this explanation appears to be a reasonable explanation of how the collision took place. The testimony of Mr. Flagg was given in a very intelligent manner and he so impressed the Court that the Court made a note of the fact when Mr. Flagg had concluded his testimony.

There is no question in the mind of the Court but that the plaintiff established his case on liability by a clear preponderance of the evidence and the Court feels that the jury properly found for the plaintiff.

The amount of the verdict has been challenged by the defendant as being excessive. The plaintiff claimed that he was out of work for a period of six months as a result of this accident, but evidence produced in the trial leads the Court to believe that he can not charge up the entire period of six months to the defendant, because the work on which he was engaged was stopped in the month of December on account of the cold weather, one of the workmen testifying that it was stopped a week before Christmas and a member of the supply board stating that it was stopped in December and reopened in April. So that in computing damages the Court is taking the period from October 22 to December 17.

The plaintiff had testified that he was earning $36 a week for six days' work and $42 a week for seven days' work. Giving the defendant the benefit of the computation by taking the $36 a week figure, the plaintiff would have lost $288 in wages from October 22 to December 17. In addition to that, he lost a lumber jacket, his hat was damaged, he lost his lunch box and his thermos bottle, the total value of these articles being the sum of $35. He had a hospital bill of $100.35, Dr. Lockwood's bill of $10, and Dr. Petrone's bill of $125.

Dr. Petrone testified that on one of his examinations he found some growths in the chest of the plaintiff and that in his opinion they would have to be removed by an operation which would keep the plaintiff confined to the hospital for two or three weeks at an estimated cost of between $75 and $150 for the operation and $28 to $35 a week for hospital rooms.

If we take the maximum cost of the operation and of the hospitalization for the operation as given by Dr. Petrone, those figures will amount to $255, and in addition thereto the plaintiff would lose three weeks' wages amounting to $108, so that his total money loss would come to $921.35, leaving of the verdict approximately $1,300 for pain and suffering.

The evidence showed that the plaintiff was confined to his bed for a period of time, that he suffered pain, that he lost sleep and appetite, that when he attempted to take up his work again in April, 1930, when he came back to his position, he complained that he had pain when he attempted to lift anything and that he had pain off and on, especially when the weather was bad, and that he was still suffering such pain at the time of the trial, a period of a year and a half after the collision in which he was injured.

The Court can not say that the jury erred in allowing such an amount for pain and suffering under the evidence in this case and approves the jury's finding as to damages.

The defendant's motion for a new trial denied.

For plaintiff: Archambault & Archambault, George Roche.

For defendant: Clason, Brereton & Kingsley.